IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-24-00796-JD |
| ) | |
| WILLIAM BRYANT, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Defendant William Bryant, proceeding pro se, has filed a Notice of Removal attempting to remove Case No. CF-2023-3591 from Oklahoma County District Court. [Doc. No. 1]. The Court judicially notices that in CF-2023-3591, Defendant is facing criminal prosecution for shooting with intent to kill.[1] For the reasons discussed below, the Court summarily REMANDS this action to the state court.

28 U.S.C. § 1455(a) allows for the removal of criminal prosecutions from a state court under very limited circumstances. Those typically include (1) when the case is brought against either (a) the federal government, one of its agencies, or an officer of the United States (or person acting under that officer), or (b) a member of the United States armed forces in certain circumstances; or (2) when a defendant alleges that he has been

---

[1] The Court takes judicial notice of the state court docket in Oklahoma County. *See* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2023-3591 (last accessed Aug. 5, 2024). The state court docket indicates Defendant was originally charged with shooting with intent to kill and felon in possession of a firearm but that the felon in possession of a firearm charge was dismissed at the request of the state.

denied a federal right arising under a specific law or statute protecting racial equality, and that he cannot enforce his federal civil rights in his state court criminal proceedings. *See* 28 U.S.C. §§ 1442, 1442a, 1443; *see Kansas v. Walters*, Case No. 22-CV-01039-EFM-KGG, 2022 WL 2315524, at *1–2 (D. Kan. June 28, 2022) (discussing federal statutes giving federal district courts jurisdiction over state criminal proceedings) (citing 28 U.S.C. §§ 1442, 1442a, and 1443); *see also Kansas v. Howard*, Case No. 23-3017-JWL, 2023 WL 355969, at *1 (D. Kan. Jan. 23, 2023) (further discussing the requirements for removal under § 1443(1) as "narrow and well-defined").

A notice of removal of a criminal prosecution must be filed "not later than 30 days after the arraignment in the State Court, or at any time before trial, whichever is earlier" and "shall include all grounds for such removal." 28 U.S.C. § 1455(b)(1), (2); *see also Kansas v. Gilbert*, Nos. 22-3213, 22-3230, 22-3229, & 22-3249, 2023 WL 2397025, at *1 (10th Cir. Mar. 8, 2023) (same). "A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds . . . ." 28 U.S.C. § 1455(b)(2)

Here, Defendant was arraigned on August 21, 2023, and thus his notice of removal is untimely. Additionally, he has not included any grounds for removal,[2] or otherwise alleged any facts or authority that would suggest removal of this state criminal proceeding was proper, and he has now waived such grounds. *See* 28 U.S.C. § 1455(b)(2). Instead, he appears to make allegations that are already the subject of his

---

[2] The only statutory ground referenced by Defendant for removal is 28 U.S.C. § 1441, *see* [Doc. No. 1 at 1; Doc. No. 2], but that statute relates to the removal of civil actions. Because Defendant is attempting to remove his state criminal proceeding, § 1441 does not apply. *See also Howard*, 2023 WL 355969, at *1 (recognizing same).

2

separately filed 42 U.S.C. § 1983 civil rights action. *See Bryant v. Truong, et al.*, Case No. 24-cv-00649-PRW (pending in the W.D. Okla.).

Under such circumstances, the Court concludes that summary remand is required. *See* 28 U.S.C. § 1455(b)(4) ("If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand.") (emphasis added); *see also Eggleston v. Clearfield City*, Case No. 1:23mc0044 DAK, 2023 WL 2992451, at *2 (D. Utah Apr. 18, 2023) (summarily remanding a state criminal action).

IT IS THEREFORE ORDERED that this action is REMANDED to the District Court in Oklahoma County, Oklahoma, Case No. CF-2023-3591. Defendant's pending application/motion to remove case [Doc. No. 2] is DENIED as moot.

IT IS SO ORDERED this 5th day of August 2024.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE